MARY E. FILLEY, executrix, &c.,

*v.*

FREDERICK A. VAN DYKE et al.

[Decided February 17th, 1908.]

Where a bill by a distributee in the estate of a decedent alleges that the estate has not been settled. and that no decree of distribution has been made by the orphans court, and fails to aver any special reason or cause why the court of chancery should interfere with the administration of the estate in the orphans court, the court of chancery will not interfere.

---

On bill and demurrers.

*Mr. John J. Crandall,* for the complainant.

*Messrs. Godfrey & Godfrey,* for the demurrant the Guarantee Trust Company.

*Messrs. Thompson & Cole,* for the demurrant Atlantic Safe Deposit and Trust Company.

GARRISON, V. C.

The demurrers in this suit were filed by the Guarantee Trust Company and by the Atlantic Safe Deposit and Trust Company.

The complainant is the executrix of the will of her mother, who was entitled to a distributive share of the estate of Sarah E. Buck, deceased, late of Atlantic county. Of the estate of Sarah E. Buck, Frederick A. Van Dyke and William B. Van Dyke were administrators, under appointment of the surrogate of the county of Atlantic. Subsequent to their appointment the orphans court of Atlantic county substituted the Guarantee Trust Company of Atlantic City in place of Frederick A. Van Dyke.

The bill charges that the estate of Sarah E. Buck has never been settled and no decree of distribution has been obtained from the orphans court of Atlantic county. It charges that one of the administrators, namely, Frederick, has refused to turn over to the substituted administrator the assests of the estate, and that the bondsman of Frederick is liable therefor. It also charges that the substituted administrator has failed to compel the turning over to it of the assets by Frederick.

There are some charges of fraud in general language, but no specific charges thereof.

I cannot find anywhere in the bill any charges which show that the whole matter cannot be dealt with by the orphans court of Atlantic county. The only thing which would suggest that it could not is that the judge of that court has had some relations with this estate as counsel or otherwise, or has been counsel for some of the parties. It is not distinctly charged that he has acted in the suit as judge, but there is an intimation that such is the case. It is possible that this would be a special cause or reason, within the meaning of the authorities, for taking over the administration in this court. If distinct charges of fraud are made, or of the existence of a situation which cannot be dealt with in the orphans court, this court will take over the administration of this estate. But upon the present bill as framed I do not find any specification of special reason or cause which should induce this court to interfere with the administration of the estate in the orphans court of Atlantic county.

There is nothing in the bill, so far as I can see, which requires the interposition of equity, nothing which is not the proper subject of the jurisdiction of the orphans court.

Under these circumstances, this court will not take over the case. *Wyckoff* v. *O'Niel, 71 N. J. Eq. (1 Buch.) 681 (Vice-Chancellor Garrison, 1906).*

The effect of sustaining the demurrer will not, however, be to deprive the complainant of the right to file a bill with specifications of facts, if such exist, which would constitute a special cause or reason inducing this court to take over the administration from the orphans court; and if counsel for the complainant so desires and finds it necessary, such a reservation will be made in the order.

I will advise that the demurrers be sustained, with costs.